UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN LIMA,                           :
    Petitioner,                  :
                                 :
    v.                           :     Case No. 3:15-cv-786 (VAB)
                                 :
WARDEN QUAY,                         :
    Respondent.                  :

**RULING ON PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner, John Lima, filed this petition for writ of habeas corpus under 28 U.S.C. § 2241, when he was confined at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"). Petitioner claims Warden Quay failed to credit his federal sentence with 194 days of time spent in custody, after his arrest on criminal charges in Massachusetts. For the reasons that follow, the petition is DENIED.

**Procedural Background**

On April 26, 2007, in the United States District Court for the Eastern District of New York, Mr. Lima pleaded guilty to count two of a four count superseding indictment charging him with a violation of 18 U.S.C. § 1344. *See* Doc. No. 1, Pet. Writ Habeas Corpus at 10-11. On November 16, 2007, a judge sentenced Mr. Lima to sixty months of imprisonment, followed by five years of supervised release. *See id.* at 11; Doc. No. 11-3, Resp. to Pet., Attach. 3. Mr. Lima began his term of supervised release on October 1, 2011. *See* Doc. No. 11 at 14-16, Decl. Dawn Giddings ¶ 4; Resp. to Pet., Attach. 3.

On June 10, 2013, state authorities in Leominster, Massachusetts, arrested Mr. Lima on the following criminal charges: receiving stolen property, uttering false checks, and use of a false name and social security number. *See* Pet. Writ Habeas Corpus at 11. After his arrest, Mr. Lima

could not post bail. *See id.* On January 10, 2014, Mr. Lima pleaded guilty to all charges and a judge imposed a sentence of seven months of imprisonment. *See* Doc. No. 11-4, Resp. to Pet., Attach. 4.

On January 10, 2014, the State of Massachusetts released Mr. Lima to the custody of the United States Marshal on charges that he violated the terms of his supervised release from his federal criminal sentence. *See* Doc. No. 11-2, Resp. to Pet., Attach. 2. On March 18, 2014, in the United States District Court for the Eastern District of New York, Mr. Lima pleaded guilty to a violation of the first condition of his term of supervised release and the judge sentenced him to thirty months of imprisonment. *See* Doc. No. 11-5, Resp. to Pet. Attach. 5; Pet. Writ Habeas Corpus at 11.

## STANDARD OF REVIEW

"A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to conviction." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). A challenge to the execution of a federal inmate's sentence may include "such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (citing *Chambers v. United States*, 106 F.3d 472, 474-75 (2d Cir. 1997) (describing situations where a federal prisoner would properly file a section 2241 petition)). Thus, an action challenging the Bureau of Prison's calculation of a sentence is properly brought under 28 U.S.C. § 2241. *See Chambers*, 106 F.3d at 474-75.

## DISCUSSION

Mr. Lima asserts one ground for relief: that the Bureau of Prisons wrongfully denied him

credit towards his federal sentence for time spent in state custody before he began to serve his federal sentence.  The Bureau of Prisons has credited Mr. Lima's federal term of imprisonment with time served in state custody from June 20 to June 21, 2012 and from January 8, 2014 through March 17, 2014.  *See* Decl. Dawn Giddings ¶ 13.  Mr. Lima seeks credit towards his federal sentence for the time period from the date of his arrest to the date of his release from state custody, June 10, 2013 through January 10, 2014.

A federal sentence commences when the defendant is received into custody of the Attorney General at the facility at which the sentence will be served.  *See* 18 U.S.C. § 3585(a).  Credit for time served before the beginning of a federal sentence is computed by the Attorney General.  *See United States v. Wilson*, 503 U.S. 329, 333-334 (1992).  The Second Circuit has held that "[t]he Bureau of Prisons, and not the courts, determine when a defendant's sentence starts and whether the defendant should receive credit for any prior time spent in custody." *United States v. Montez-Gaviria*, 163 F.3d 697, 700-01 (2d Cir. 1998).

Federal sentence computations are governed by 18 U.S.C. § 3585(b), which provides:

> (b) Credit for prior custody.  A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).  Under this last phrase, the Second Circuit has held that a criminal "defendant has no right on his federal sentence for time that has been credited against his prior state sentence."  *United States v. Labeille-Soto*, 163 F.3d 93, 99 (2d Cir. 1998).

3

In this case, on June 10, 2013, state authorities in Leominster, Massachusetts arrested Mr. Lima on criminal charges.  On January 10, 2014, Mr. Lima pleaded guilty to the state charges and a judge sentenced him to seven months of imprisonment.  *See* Resp. to Pet., Attachs. 2 & 4.  After Massachusetts prison officials applied seven months of pre-trial credit towards Mr. Lima's sentence, his term of imprisonment for his state sentence ended on January 7, 2014.  *See* Resp. to Pet., Attach. 2.

The United States Marshal took custody of Mr. Lima on January 10, 2014.  *See* Decl. Dawn Giddings ¶ 8.  Thus, his federal sentence began on January 10, 2014.  On March 18, 2014, a judge in the Eastern District of New York sentenced Mr. Lima to a term of imprisonment of thirty months for a violation of the conditions of his supervised release.  *See* Resp. to Pet., Attach. 5.

The Bureau of Prisons credited Mr. Lima with the time he had served in state custody after his arrest on state criminal charges in New York, from June 20, 2012 to June 21, 2012, and for the time he had served in federal custody before the imposition of his federal sentence, from January 8, 2014 to March 17, 2014.  At that time, he had not received credit for this time period towards his state sentence.  *See* Decl. Dawn Giddings ¶ 13.  It declined to credit Mr. Lima for the time served in the custody of the Massachusetts Department of Correction from June 10, 2013 through January 7, 2014 because he had already received credit for that period of incarceration towards his Massachusetts sentence.  *See id.* ¶ 10.

As a result, the Bureau of Prisons correctly applied the law in calculating the time of Mr. Lima's federal sentence.  As the language of 18 U.S.C. § 3585(b) makes clear, Mr. Lima is not entitled to credit towards his federal sentence for a term of imprisonment "that has been credited

4

against his prior state sentence." *Labeille-Soto*, 163 F.3d at 99. Thus, the Bureau of Prisons has already granted Mr. Lima all the credit to which he is entitled.

Nevertheless, Mr. Lima contends that an exception to Section 3585 is applicable to his case. Under this exception, which has been recognized by some courts, a federal prisoner seeking credit for incarceration time in state custody may prevail if he can demonstrate that a federal detainer or other action by federal authorities was the "exclusive" cause of his remaining in state custody during the period for which he seeks federal credit. *See, e.g.*, *United States v. Blankenship*, 733 F.2d 433, 434 (6th Cir. 1984); *Shaw v. Smith*, 680 F.2d 1104, 1106 (5th Cir.1982); *Willis v. United States*, 438 F.2d 923, 925 (5th Cir. 1971); *Rosemond v. Menifee*, 137 F. Supp. 2d 270, 275 (S.D.N.Y. 2000). Mr. Lima states that the Massachusetts state court set bail at $500,000.00. He contends that a federal detainer was lodged with the State of Massachusetts. He claims that he could not post bail because of the detainer. This argument cannot be sustained.

There is no viable legal basis for claiming that an exception to Section 3585 should apply to this case. Significantly, this exception has not been adopted by the Second Circuit generally. Even more importantly, courts within this Circuit and within other circuits have held that an exception to Section 3585 is not applicable to time periods that have already been credited to a state sentence—that is, they have held that the prohibition on double-counting trumps any such exception. *See, e.g.*, *Rivera v. Killian*, No. 08-cv-405, 2008 WL 1990093, at *3, 2008 U.S. Dist. LEXIS 38727, at *7-9 (S.D.N.Y. May 8, 2008); *Mathison v. Morrison*, No. 06-cv-3496, 2007 WL 3224671, at *7 n. 11 (D. Minn. Nov. 1, 2007); *Tisdale v. Menifee*, 166 F. Supp. 2d 789, 791-92 (S.D.N.Y. 2001). In other words, consistent with the plain language of Section 3585, courts in this Circuit have not carved out an exception to this very same statute to allow credit for time

where the time period in state custody has already been credited to another sentence.

Finally, the Court notes that the Federal Bureau of Prisons Website reflects that prison officials released Mr. Lima from custody on April 28, 2016.[1]  Thus, the relief sought in the petition is also moot.

## **CONCLUSION**

The Petition for Writ of Habeas Corpus [**Doc. No. 1**] is **DENIED**.  The Clerk is directed to enter judgment and close this case.

SO ORDERED at Bridgeport, Connecticut this 31st day of May, 2016.

    /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

---

[1] Information regarding Mr. Lima's status within the Federal Bureau of Prisons may be found by typing in his Federal Register Number at https://www.bop.gov/inmateloc/ under Find an Inmate, Find by Number, BOP Register Number 70640-053.